# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| EUGENE KENNETH JONES-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-4058-CV-C-NKL-P |
| ) | |
| DAVID WEBSTER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This is a Section 1983 civil rights matter filed pro se by a Missouri inmate. The record reflects that plaintiff's initial complaint was 31 pages in length, included 30 pages of exhibits, named 26 separate defendants, and included 36 separate allegations. On June 23, 2010, the Court entered an initial screening order (Doc. No. 11) directing plaintiff to file an amended complaint which complied with Fed. R. Civ. P. 8(a).[1] Plaintiff was specifically instructed to set forth in his amended complaint sufficient facts to show what each defendant specifically did to violate his federally protected rights, and to state what specific injuries he sustained from each defendants specific actions.

Rather than comply with the Court's instructions, on August 27, 2010, plaintiff filed an amended complaint which is 59 pages long, names 34 separate defendants, and once again fails to comply with Rule 8(a). Nevertheless, the Court determined it would be expedient to proceed as best it could with plaintiff's amended complaint, and another screening order was entered on November

---

[1] Fed. R. Civ. P. 8(a) requires that "a pleading that states a claim for relief must contain . . . a ***short and plain statement*** of the claim showing that the pleader is entitled to relief." (emphasis added).

10, 2010 (Doc. No. 18).

In the second screening order, the Court severed and dismissed plaintiff's claims against two defendants (Huckstep and Hicks) who were named in the original complaint, but not in the amended complaint. Additionally, the Court severed and dismissed plaintiff's conditions of confinement claims, as well as his deliberate indifference, First Amendment, and access to the Court claims. The Court left intact plaintiff's claim that he was placed and has been retained in administrative segregation for more than a year in retaliation for the fact he allegedly threatened a corrections officer at another prison before being transferred to his current place of incarceration, and all of the remaining defendants (other than Huckstep and Hicks) have been directed to answer or otherwise respond to plaintiff's amended complaint as to that one remaining claim.

Plaintiff has now filed a motion for reconsideration (Doc. No. 19), advising the Court that it has misconstrued its duty under the Prison Litigation Reform Act, has misconstrued his claims, and has erroneously defined what constitutes an "injury" in doing so. Plaintiff apparently seeks reinstatement of all of his claims against the defendants.

Having carefully reviewed plaintiff's motion for reconsideration, the Court denies it. Based on plaintiff's pleading, his only surviving claim is that he has been unconstitutionally held in administrative segregation for more than a year.

Accordingly, it is **ORDERED** that plaintiff's motion for reconsideration (Doc. No. 19) is **DENIED**.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
UNITED STATES DISTRICT JUDGE

Dated: December 2, 2010